IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID AND DIANA FRANCO, | ) | Case No.   07-30741 |
| | ) | |
| | ) | |
| Debtors. | ) | In Proceedings under Chapter 13 |

**OPINION**

This matter is before the Court on the Chapter 13 trustee's objection to confirmation.  The chapter 13 trustee argues that the debtors should be compelled to surrender one of their three encumbered vehicles pursuant to this Court's decisions in *In re Rybicki*, 138 B.R. 225 (Bankr. S.D. Ill. 1992), and *In re Sallee,* No. 07-30776, 2007 WL 3407738 (Bankr. S.D. Ill. Nov. 15, 2007).

On April 13, 2007, the debtors filed for protection under chapter 13 of the Bankruptcy Code.  The debtors have above-median income for a family of their size, both work outside the home, and they have two dependents.  They listed four vehicles on schedule B:  a 2003 Honda Shadow, a 2004 Honda Silverwing, a 2004 Jeep Liberty Renegade and a 2006 Toyota Scion and proposed to pay for all of the vehicles through their chapter 13 plan.   This prompted the trustee to object to confirmation on the basis that the *Rybicki* decision required the debtors to surrender two of the vehicles since it was not reasonably necessary for the debtors to retain them.  Subsequently, the debtors agreed to surrender the 2003 Honda Shadow, while seeking to retain the other three vehicles. The trustee raises nearly the same argument with respect to the retention of the three vehicles:   under the good faith standards of 11 U.S.C. §§ 1325(a)(3) and (7), and the Court's decisions in *Rybicki* and *Sallee*, it is not reasonable or necessary for the debtors to

1

retain a third vehicle. The trustee has raised no other arguments to demonstrate that, under the facts of this case, the debtors have failed to act in good faith.

The debtors counter that with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), § 707(b)(2)(A)(iii)(I)[1] expressly allows above-median income debtors to deduct **all** of their secured expenses,[2] thereby precluding a determination of whether these expenses are reasonable or necessary under the *Rybicki* standards. The debtors rely upon this Court's *Sallee* decision, 2007 WL 3407738, as further confirmation that Congress has removed the ability of the Courts to review whether these expenses are reasonable and/or necessary under the good faith tests of 11 U.S.C. §§ 1325(a)(3) and (7).

In *Rybicki*, 138 B.R. 225, decided long before the BAPCPA amendments to the Bankruptcy Code, this Court held that a debt owed by debtors for a camper was not a reasonably necessary living expense pursuant to 11 U.S.C. § 1325(b).[3] The Court denied confirmation in *Rybicki* on the basis that the debtors should not be allowed to pay for an

---

[1] Section 707(b)(2)(A)(iii)(I) is made applicable to above-median income debtors by 11 U.S.C. § 1325(b)(3) which states that the "amounts reasonably necessary to be expended" for above-median debtors are to be calculated in accordance with subparagraphs (A) and (B) of § 707(b)(2). *See In re Sallee,* 2007 WL 3407738, at *2. Section 707(b)(2)(A)(iii)(I) provides in pertinent part:

> (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of –
> (I) the total of **all amounts scheduled as contractually due to secured creditors** in each month of the 60 months following the date of the petition . . . .

11 U.S.C. § 707(b)(2)(A)(iii)(I) (emphasis added).

[2] Such deductions are to be reflected at line 47 of Official Form B22C.

[3] At the time of the *Rybicki* decision, § 1325(b) required all expenses to be "reasonably necessary."

2

unnecessary camper through their chapter 13 plan to the detriment of their unsecured creditors. *Id.* at 229. After the passage of BAPCPA, the question of the Court's ability to review the reasonableness or necessity of expenses taken under § 707(b)(2)(A)(iii)(I) arose in the case of *In re Sallee*, 2007 WL 3407738. In that case, the trustee, in objecting to confirmation of the debtors' plan, argued that the debtors should be required to surrender two of their four vehicles because it was unreasonable and unnecessary for the debtors to retain them under the *Rybicki* analysis. *Sallee*, 2007 WL 3407738, at *1. In rejecting the trustee's argument, the Court determined that post-BAPCPA, the *Rybicki* holding – that expense deductions must be reasonably necessary – was irrelevant to the question of whether above-median income debtors could retain encumbered property and pay for it through their chapter 13 plan. *Id.* at *2. The Court's subjective determination of "reasonably necessary" had been usurped by Congress and in its stead was § 707(b)(2)A)(iii)(I). *Id.* Under that section, if an expense deduction is a secured debt payment, "it meets the new definition of 'reasonably necessary' and no subjective review of the expense by the Court is permitted." *Id.*, quoting *In re Carlton*, 362 B.R. 402, 411 (Bankr. C.D. Ill. 2007).

However, *Sallee* did not foreclose a court's ability to examine a debtor's expenses under the good faith standards of 11 U.S.C. §§ 1325(a)(3) and (7). The Court held that these standards still apply after enactment of BAPCPA and allow it "to review the debtors' plan and petition to determine if they are fundamentally fair to creditors and comply with the spirit of the Bankruptcy Code." *In re Sallee*, 2007 WL 3407738, at *2. Nonetheless, given Congress' supplanting of the Court's role of making a subjective analysis of "reasonably necessary" by virtue of its enactment of § 707(b)(2)(A)(iii)(I), a

3

good faith determination cannot depend solely upon an examination of whether the expense is reasonable and/or necessary. Yet, this is what the trustee urges in this case. He has provided the Court with no facts that would support a finding of lack of good faith other than his reliance on the number of vehicles owned by the debtors and his argument that such a number is unreasonable and unnecessary for these debtors. Unfortunately for the trustee in a post-BAPCPA world, since the secured expenses for the instant debtors' three vehicles can be deducted under § 707(b)(2)(A)(iii)(I), the trustee must challenge them on some basis other than lack of necessity.

While this conclusion does not preclude an examination of a debtor's expenses under the good faith tests, for the trustee to succeed in his efforts he must demonstrate that there has been a lack of good faith. By way of example, this could be shown by facts demonstrating that a debtor intentionally incurred secured debts as part of a plan or scheme to avoid repaying his unsecured creditors. The timing and type of purchases would be relevant to this inquiry. However, here, the Trustee has not made such a showing and his objection to confirmation on these grounds[4] must be overruled.

SEE WRITTEN ORDER.


ENTERED: February 12, 2008              /s/ Kenneth J. Meyers
                                        UNITED STATES BANKRUPTCY JUDGE

---

[4] The trustee's other arguments opposing confirmation were heard and overruled on February 6, 2008.